IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDERICK STONE,<br>　　　　Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:12-CV-308-Y |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.　NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.　PARTIES**

Petitioner Frederick Stone, TDCJ-ID #701929, is a state prisoner currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in New Boston, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C.   **PROCEDURAL HISTORY**

Petitioner is serving a 60-year sentence on his 1995 conviction for murder in Tarrant County, Texas, in Case No. 0519514A. (Transcript at 245) Petitioner was 15 years old at the time of the offense but certified and prosecuted as an adult. (*Id.* At 7)

This is the second federal petition for writ of habeas corpus filed by petitioner in this court. In his first petition, filed on September 10, 2009,[1] petitioner challenged only a prison disciplinary proceeding conducted in March 2009 and not his murder conviction and sentence. *Stone v. Thaler*, Civil Action No. 4:09-CV-541-Y. That petition was denied on February 17, 2010. This petition was filed on May 9, 2012. (Pet. at 10)

Petitioner raises the following six grounds for relief challenging his murder conviction and sentence:

(1)   His 60-year sentence is cruel and unusual punishment under the Supreme Court's decision in *Graham v. Florida*, — U.S.—, 130 S. Ct. 2011 (2010)[2];

(2)   He received ineffective assistance of counsel because counsel failed to properly investigate;

(3)   He received ineffective assistance of counsel because of counsel's "minimum use of the psychiatrist provided to assist in the case";

(4)   He received ineffective assistance of counsel because "counsel intentionally refused to follow Judge Wilson's order to employ applicant's psychiatrist";

(5)   He was denied his right to be free from cruel and unusual punishment; and

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[2] In *Graham*, the Supreme Court held that the Eighth Amendment prohibits a sentence of life without parole for a juvenile convicted of a nonhomicide offense. *Id.* at 2012-34.

  (6)  He was less culpable than an adult and should have received a lesser sentence under *Graham v. Florida*.

(Pet. at 6-7)

Respondent has filed a motion to dismiss the petition for lack of jurisdiction under 28 U.S.C. § 2244(b). (Resp't MTD at 5-8)

**D. SUCCESSIVE PETITION**

28 U.S.C. § 2244(b) provides, in relevant part:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

The same or similar grounds as grounds (2) through (4) raised herein were raised in petitioner's state habeas application or admittedly discovered by him during the 1997 state habeas

proceedings. (Pet. at 6, 9; Pet'r Mem. at 4-6; 01State Habeas R. at 16-17, 38[3]) A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that could have been raised in an earlier petition, but were not. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Petitioner could have raised grounds (2) through (4) in his first federal petition because he knew of the facts underlying the claims at that time. Thus, the petition is a second or successive petition as to grounds (2) through (4). *Propes v. Quarterman*, 573 F.3d 225, 229-30 (5th Cir. 2009), *cert denied*, 130 S. Ct. 3272 (2010).

Furthermore, although petitioner's grounds (1), (5) and (6), challenging his sentence based on the Supreme Court's 2010 decision in *Graham*, may fall under the auspices of 2244(b)(2)(A), petitioner must first obtain authorization to file a successive petition raising the claims from the Fifth Circuit Court of Appeals. *See, e.g., In re Sparks*, 657 F.3d 258, 260 (5th Cir. 2011) (a second or successive § 2255 motion).

Because petitioner has not shown he has obtained leave to file a successive petition from the Fifth Circuit, this court is without jurisdiction to consider the petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

---

[3] "01State Habeas R." refers to the state record of petitioner's state habeas application no. WR-35,154-01.

4

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be transferred to the United States District Court of Appeals for the Fifth Circuit to determine whether a successive § 2254 should be allowed.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 25, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 25, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings,

5

conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September __5__, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE